**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| **HARRIET HAMPTON,** | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 1:22-cv-00306-DCLC-CHS |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

**TO:** Harriet Hampton, by and through her attorney of record, D. Seth Holliday, McMahan Law Firm, LLC, 700 S. Thornton Avenue, P.O. Box 1607, Dalton, GA 30722.

The Lincoln National Life Insurance Company ("Lincoln") serves its Objections and Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents as follows:

**OBJECTION BASED ON PLAINTIFF'S FAILURE TO FILE MOTION FOR DISCOVERY BEFORE SERVING THESE DISCOVERY REQUESTS**

In the Court's Order (Document 13) that set the briefing schedule in this case (Document 13), the Court stated that, "The parties shall file any motions for discovery before July 25, 2023." Plaintiff has not filed any such motion with the Court, nor has the Court entered an Order allowing such discovery. In fact, the Court's Order specifically stated that, "the district court, in conducting a review of the plan administrator's decision to deny benefits, may only consider evidence presented to the administrator." This language reinforces that the Order requires a party to seek

leave through a ruling on a motion for discovery prior to serving any discovery. Accordingly, Lincoln objects to Plaintiff's First Set of Interrogatories and Requests for Production of Documents because Plaintiff failed to file a Motion for Discovery and obtain a ruling from the Court prior to serving them.

**RESERVATION OF RIGHTS**

Subject to and without waiving the foregoing objection, Lincoln asserts the following objections and incorporates them into each response as if set forth fully therein:

1. Lincoln objects generally to Plaintiff's First Set of Interrogatories and Requests for Production to the extent they were not timely served.

2. Lincoln objects generally to each Interrogatory and Request to the extent they seek information and/or documents subject to the attorney-client or attorney work product privileges, or information and/or documents that are otherwise privileged or protected and not subject to discovery.

3. Lincoln objects generally to each Interrogatory and Request to the extent it imposes on Lincoln obligations inconsistent with or in addition to the Federal Rules of Civil Procedure.

4. Lincoln objects to each Interrogatory and Request to the extent it would require Lincoln to warrant that the information provided is exhaustive. Lincoln will endeavor to provide information in good faith consistent with its obligations under the Federal Rules of Civil Procedure. Lincoln reserves the right to supplement its answers and responses should additional information be discovered in the future.

5. Lincoln objects to each Interrogatory and Request to the extent it seeks information and/or documents of a confidential business, or proprietary nature. Lincoln will only produce such information and/or documents pursuant to an agreed Protective Order between the parties.

6. Lincoln objects to each Interrogatory and Request to the extent it seeks information and/or documents from Lincoln unrelated to the claims alleged in this lawsuit. Any such request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

7. The responses and objections provided herein are subject to the right of Lincoln to object on any ground, at any time, to a demand for further response to these or other interrogatories and requests or other discovery procedures involving or relating to the subject matter of the Interrogatories and Requests herein.

8. Lincoln objects to the Interrogatories and Requests to the extent they may be construed to require Lincoln to search for and disclose information and documents that are otherwise as equally accessible to plaintiff as they are to Lincoln.

9. Lincoln objects to the Interrogatories and Requests to the extent they assume incorrectly that the policy at issue is an individual policy rather than a group policy.

10. All responses to the Interrogatories and Requests are made without in any way waiving or intending to waive, but on the contrary preserving and intending to preserve:

(a) all objections to the competence, relevance, and admissibility of any documents or information produced in response to the Interrogatories and Requests as evidence for any purpose in subsequent proceedings in this or any other action, arbitration, proceeding, or investigation;

(b) the right to object on any ground at any time to the use of any of the documents or information produced in response to the Interrogatories and Requests, or the subject matter thereof, in any subsequent proceedings in this or any other action, arbitration, proceeding or investigation; and

(c) the right to object on any ground at any time to a demand for further responses to the Interrogatories and Requests, or to other discovery proceedings involving or relating to the subject matter of these Interrogatories and Requests.

11. Lincoln's decision to provide information or documents notwithstanding the objectionable nature of any of the Interrogatories and Requests should not be construed as: (a) a stipulation that the material is relevant; (b) a waiver of the General Objections or the objection asserted in response to a specific Interrogatory; or (c) an agreement that requests for similar

documents or information in this or any other related proceeding will be treated in a similar manner.

12. Lincoln's responses to the Interrogatories and Requests are made after a reasonable inquiry into the relevant facts within the time allowed for responding to the Interrogatories and Requests. Lincoln expressly reserves the right to supplement, amend, correct, or modify its respective responses or objections.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each person making and assisting with your Interrogatory responses, including each person's name, age, address, occupation, current title, and relationship to The Lincoln National Life Insurance Company (hereinafter "Lincoln").

**ANSWER:**

Subject to, and without waiving the foregoing objections, Lincoln identifies the following person who signed the Verification for these Interrogatory Answers:

Heather Heins
Lincoln Financial Group
c/o Iwana Rademaekers
Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252

**INTERROGATORY NO. 2:**

If any person other than the individuals who signed the denial letters was responsible for the decision to deny ongoing benefits to Plaintiff, please identify such person or persons.

**ANSWER:**

Lincoln objects to this Interrogatory on the basis that it is unduly burdensome and overly broad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action in that it seeks information outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln. Lincoln further objects on the grounds that the Interrogatory seeks information that both exceeds the appropriate scope of discovery in this action and may be used in an attempt to pursue a deposition that will constitute(s) a violation of confidential, proprietary material and/or trade secrets.

Subject to and without waiving the foregoing objections and pursuant to Fed R. Civ. P. 33(d), Lincoln refers to the administrative record concerning Plaintiff's claim for benefits that is the subject of this litigation (Lincoln/Hampton 0081-4902, specifically 256-261, 425-429, 1391-1395, and 4310-4312).

**INTERROGATORY NO. 3:**

State whether Lincoln had, at any time relevant to this case, any type of incentive, bonus, or reward program or system, formal or informal, for any employee(s) and/or third-party contractor(s) involved in any meaningful way in reviewing disability claims, and please describe what factors and information is relied upon to calculate any such bonuses.

**ANSWER:**

Lincoln objects to this Interrogatory to the extent that it requests information protected by the attorney-client or attorney work product privilege. Lincoln further objects to this Interrogatory on the basis that it is unduly burdensome and overly broad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action in that it seeks information outside the administrative record upon which the disputed benefit calculation issue pertaining to Plaintiff's claim for benefits was considered by Lincoln. Lincoln further objects to this Interrogatory on the basis that it is overly broad in that it contains an unreasonable time limitation. Lincoln further objects to this Interrogatory on the basis that it violates statutory and common law regarding protection and prohibition of disclosure of the personnel records of employees. Lincoln further objects to the Interrogatory because it seeks documents of a highly sensitive and confidential business nature and because the Request violates the privacy rights of Lincoln's employees. Lincoln further objects on the basis that the Interrogatory is overly broad because it is not limited to information related to Plaintiff's claim for benefits and the particular disability plan or policy at issue in this litigation. Lincoln further objects to this Interrogatory on the basis that although Lincoln's alleged conflict of interest may be considered by the Court as a factor in its review, the relevant inquiry is whether Lincoln, as decision-maker, was internally conflicted when making its benefit decision in this case. The conflict inquiry does not concern or involve potential conflicts of extraneous third parties. The information sought concerning such entities is irrelevant because these entities are not vested with the authority to terminate Plaintiff's benefits, and the requested information is not competent evidence of Lincoln's alleged conflict in this case. Accordingly, the information sought by Plaintiff is not relevant and does not constitute competent evidence of Lincoln's alleged conflict in this case.

Subject to and without waiving the foregoing objections, Lincoln responds that it does not provide its employees with any incentive, remuneration, bonuses, awards, achievements, or other recognition based in whole or part upon the denial or termination of claims such as the one submitted by Plaintiff. Instead, each claim is evaluated based upon the particular policy provisions and documents before the administrator. Accordingly, Lincoln's compensation system is irrelevant to Plaintiff's claim and is not competent evidence of Lincoln's alleged conflict in this case.

**INTERROGATORY NO. 4:**

State the name and employer of any physician, peer review physician, physician consultant, and/or independent medical examiner that reviewed information, consulted and/or generated any report in this disability claim, including but not limited to Marvin Pietruszka, M.D., and, if the employer is someone other than Lincoln, state the name of the employer, and whether the employer is owned by or affiliated with Lincoln.

**ANSWER:**

Lincoln objects to this Interrogatory to the extent that it requests information protected by the attorney-client or attorney work product privilege. Lincoln further objects to this Interrogatory on the basis that it is unduly burdensome and overly broad because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in that it seeks information outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln. Lincoln further objects to this Interrogatory as it violates privacy rights and seeks information of a highly sensitive and confidential business nature. Lincoln further objects because the Interrogatory is not limited to information relevant to this specific claim and disability plan that is at issue in this action.

Subject to and without waiving the foregoing objections, Lincoln states that although Lincoln's alleged conflict of interest may be considered by the Court as a factor in its review, the relevant inquiry is whether Lincoln, as decision-maker, was internally conflicted when making its benefit decision in this case. The conflict inquiry does not concern or involve potential conflicts of extraneous third parties. The information sought concerning the physicians, nurses, psychologists, psychiatrists, or vocational professionals is irrelevant because these individuals are not vested with the authority to terminate Plaintiff's benefits, and the requested information is not competent evidence of Lincoln's alleged conflict in this case. Accordingly, the information sought by Plaintiff is not relevant and does not constitute competent evidence of Lincoln's alleged conflict in this case.

Subject to and without waiving the foregoing objections and pursuant to Fed R. Civ. P. 33(d), Lincoln refers to the administrative record concerning Plaintiff's claim for benefits that is the subject of this litigation (Lincoln/Hampton 0081-4902, specifically 0287-0296).

**INTERROGATORY NO. 5:**

As to the physician(s) referenced in Interrogatory 4, the state the number of times in 2019, 2020, 2021, 2022, and 2023, the physician reviewed a claim on behalf of Lincoln, including but not limited to Marvin Pietruszka, M.D., whether the physician was contracted directly by Lincoln, or by a third party with whom Lincoln contracted to obtain such review, including but not limited to Genex and/or Exam Coordinators Network, and how much Lincoln paid that physician and/or third party for those reviews.

**ANSWER:**

Lincoln objects to this Interrogatory to the extent that it requests information protected by the attorney-client or attorney work product privilege. Lincoln further objects to this Interrogatory on the basis that it is unduly burdensome and overly broad because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in that it seeks information outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln. Lincoln further objects because the Interrogatory is not limited to information relevant to this specific claim and disability plan that is at issue in this action. Lincoln further objects because the Interrogatory is overly broad with regard to the scope of time.

Subject to and without waiving the foregoing objections, Lincoln states that although Lincoln's alleged conflict of interest may be considered by the Court as a factor in its review, the relevant inquiry is whether Lincoln, as decision-maker, was internally conflicted when making its benefit decision in this case. The conflict inquiry does not concern or involve potential conflicts of extraneous third parties. The information sought concerning the physicians, nurses, psychologists, psychiatrists, or vocational professionals is irrelevant because these individuals are not vested with the authority to terminate Plaintiff's benefits, and the requested information is not competent evidence of Lincoln's alleged conflict in this case. Accordingly, the information sought by Plaintiff is not relevant and does not constitute competent evidence of Lincoln's alleged conflict in this case.

**INTERROGATORY NO. 6:**

For the time period of 2019, 2020, 2021, 2022, and 2023, if the physician(s) referenced in Interrogatory 4 was employed by or obtained via a third party contracted to Lincoln, rather than being hired directly and individually by Lincoln, including but not limited to Genex and/or Exam Coordinators Network, state how many reviews Lincoln has obtained through that third party, and how much Lincoln paid that third party for those reviews.

**ANSWER:**

Lincoln objects to this Interrogatory to the extent that it requests information protected by the attorney-client or attorney work product privilege. Lincoln further objects to this Interrogatory on the basis that it is unduly burdensome and overly broad because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in that it seeks information outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln. Lincoln further objects because the Interrogatory is not limited to information relevant to this specific claim and disability plan that is at issue in this action. Lincoln further objects because the Interrogatory is overly broad with regard to the scope of time.

Subject to and without waiving the foregoing objections, Lincoln states that although Lincoln's alleged conflict of interest may be considered by the Court as a factor in its review, the relevant inquiry is whether Lincoln, as decision-maker, was internally conflicted when making its benefit decision in this case. The conflict inquiry does not concern or involve potential conflicts

of extraneous third parties. The information sought concerning the physicians, nurses, psychologists, psychiatrists, or vocational professionals is irrelevant because these individuals are not vested with the authority to terminate Plaintiff's benefits, and the requested information is not competent evidence of Lincoln's alleged conflict in this case. Accordingly, the information sought by Plaintiff is not relevant and does not constitute competent evidence of Lincoln's alleged conflict in this case.

**INTERROGATORY NO. 7:**

State whether Genex is accredited through the Utilization Review Accreditation Commission.

**ANSWER:**

Lincoln objects to this Interrogatory to the extent that it requests information protected by the attorney-client or attorney work product privilege. Lincoln further objects to this Interrogatory on the basis that it is unduly burdensome and overly broad because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in that it seeks information outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln. Lincoln further objects because the Interrogatory does not specify a particular time period. Lincoln further objects because the Interrogatory is not limited to information relevant to this specific claim and disability plan that is at issue in this action.

Subject to and without waiving the foregoing objections, Lincoln states that although Lincoln's alleged conflict of interest may be considered by the Court as a factor in its review, the relevant inquiry is whether Lincoln, as decision-maker, was internally conflicted when making its benefit decision in this case. The conflict inquiry does not concern or involve potential conflicts of extraneous third parties. The information sought concerning the physicians, nurses, psychologists, psychiatrists, or vocational professionals is irrelevant because these individuals are not vested with the authority to terminate Plaintiff's benefits, and the requested information is not competent evidence of Lincoln's alleged conflict in this case. Accordingly, the information sought by Plaintiff is not relevant and does not constitute competent evidence of Lincoln's alleged conflict in this case.

**INTERROGATORY NO. 8:**

State whether Exam Coordinators Network is accredited through the Utilization Accreditation Commission.

**ANSWER:**

Lincoln objects to this Interrogatory to the extent that it requests information protected by the attorney-client or attorney work product privilege. Lincoln further objects to this Interrogatory on the basis that it is unduly burdensome and overly broad because it seeks information that is

neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in that it seeks information outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln. Lincoln further objects because the Interrogatory does not specify a particular time period. Lincoln further objects because the Interrogatory is not limited to information relevant to this specific claim and disability plan that is at issue in this action.

Subject to and without waiving the foregoing objections, Lincoln states that although Lincoln's alleged conflict of interest may be considered by the Court as a factor in its review, the relevant inquiry is whether Lincoln, as decision-maker, was internally conflicted when making its benefit decision in this case. The conflict inquiry does not concern or involve potential conflicts of extraneous third parties. The information sought concerning the physicians, nurses, psychologists, psychiatrists, or vocational professionals is irrelevant because these individuals are not vested with the authority to terminate Plaintiff's benefits, and the requested information is not competent evidence of Lincoln's alleged conflict in this case. Accordingly, the information sought by Plaintiff is not relevant and does not constitute competent evidence of Lincoln's alleged conflict in this case.

**INTERROGATORY NO. 9:**

State whether Lincoln has conducted a Credential Audit of Genex at any time from 2019 to the present.

**ANSWER:**

Lincoln objects to this Interrogatory to the extent that it requests information protected by the attorney-client or attorney work product privilege. Lincoln further objects to this Interrogatory on the basis that it is unduly burdensome and overly broad because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in that it seeks information outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln. Lincoln further objects because the Interrogatory is not limited to information relevant to this specific claim and disability plan that is at issue in this action. Lincoln further objects because the Interrogatory is overly broad with regard to the scope of time.

Subject to and without waiving the foregoing objections, Lincoln states that although Lincoln's alleged conflict of interest may be considered by the Court as a factor in its review, the relevant inquiry is whether Lincoln, as decision-maker, was internally conflicted when making its benefit decision in this case. The conflict inquiry does not concern or involve potential conflicts of extraneous third parties. The information sought concerning the physicians, nurses, psychologists, psychiatrists, or vocational professionals is irrelevant because these individuals are not vested with the authority to terminate Plaintiff's benefits, and the requested information is not competent evidence of Lincoln's alleged conflict in this case. Accordingly, the information sought by Plaintiff is not relevant and does not constitute competent evidence of Lincoln's alleged conflict in this case.

**INTERROGATORY NO. 10:**

State whether Lincoln has conducted a Credential Audit of Exam Coordinators Network at any time from 2019 to the present.

**ANSWER:**

Lincoln objects to this Interrogatory to the extent that it requests information protected by the attorney-client or attorney work product privilege. Lincoln further objects to this Interrogatory on the basis that it is unduly burdensome and overly broad because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in that it seeks information outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln. Lincoln further objects because the Interrogatory is not limited to information relevant to this specific claim and disability plan that is at issue in this action. Lincoln further objects because the Interrogatory is overly broad with regard to the scope of time.

Subject to and without waiving the foregoing objections, Lincoln states that although Lincoln's alleged conflict of interest may be considered by the Court as a factor in its review, the relevant inquiry is whether Lincoln, as decision-maker, was internally conflicted when making its benefit decision in this case. The conflict inquiry does not concern or involve potential conflicts of extraneous third parties. The information sought concerning the physicians, nurses, psychologists, psychiatrists, or vocational professionals is irrelevant because these individuals are not vested with the authority to terminate Plaintiff's benefits, and the requested information is not competent evidence of Lincoln's alleged conflict in this case. Accordingly, the information sought by Plaintiff is not relevant and does not constitute competent evidence of Lincoln's alleged conflict in this case.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

For the time period of 2019, 2020, 2021, 2022, and 2023, for the employee(s) and/or third-party contractor(s) referred to in Interrogatory 2, including those employees who signed the denial letters, please provide copies of any documents which show any type of incentive, bonus, or reward program or system, formal or informal, for said employee(s) and/or third-party contractor(s), and all documents showing how such bonus was calculated.

**RESPONSE:**

Lincoln objects to this Request to the extent that it requests documents protected by the attorney-client or attorney work product privilege. Lincoln further objects to this Request on the basis that it is unduly burdensome and overly broad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action in that it seeks documents outside the administrative record upon which the disputed benefit calculation issue pertaining to Plaintiff's claim for benefits was considered by Lincoln. Lincoln further objects to this Request on the basis that it is overly broad in that it contains an unreasonable time limitation. Lincoln

further objects to this Request on the basis that it violates statutory and common law regarding protection and prohibition of disclosure of the personnel records of employees. Lincoln further objects to the Request because it seeks documents of a highly sensitive and confidential business nature and because the Request violates the privacy rights of Lincoln's employees. Lincoln further objects on the basis that the Request is overly broad because it is not limited to documents related to Plaintiff's claim for benefits and the particular disability plan or policy at issue in this litigation. Lincoln further objects to this Request on the basis that although Lincoln's alleged conflict of interest may be considered by the Court as a factor in its review, the relevant inquiry is whether Lincoln, as decision-maker, was internally conflicted when making its benefit decision in this case. The conflict inquiry does not concern or involve potential conflicts of extraneous third parties. The information sought concerning such entities is irrelevant because these entities are not vested with the authority to terminate Plaintiff's benefits, and the requested information is not competent evidence of Lincoln's alleged conflict in this case. Accordingly, the information sought by Plaintiff is not relevant and does not constitute competent evidence of Lincoln's alleged conflict in this case.

Subject to and without waiving the foregoing objections, Lincoln responds that it does not provide its employees with any incentive, remuneration, bonuses, awards, achievements, or other recognition based in whole or part upon the denial or termination of claims such as the one submitted by Plaintiff. Instead, each claim is evaluated based upon the particular policy provisions and documents before the administrator. Accordingly, Lincoln's compensation system is irrelevant to Plaintiff's claim and is not competent evidence of Lincoln's alleged conflict in this case.

**REQUEST FOR PRODUCTION NO. 2:**

For the time period of 2019, 2020, 2021, 2022, and 2023, for the physician(s) referenced in Interrogatory 4, please provide copies of any and/or all contracts or agreements between the physician, the physician's employer, and The Lincoln National Life Insurance Company (hereinafter "Lincoln").

**RESPONSE:**

Lincoln objects to this Request to the extent that it requests documents protected by the attorney-client or attorney work product privilege. Lincoln further objects to this Request on the basis that it is unduly burdensome and overly broad because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in that it seeks documents outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln. Lincoln further objects because the Request is not limited to documents relevant to this specific claim and disability plan that is at issue in this action. Lincoln further objects to this Request on the basis that it is overly broad in that it contains an unreasonable time limitation.

Subject to and without waiving the foregoing objections, Lincoln states that although Lincoln's alleged conflict of interest may be considered by the Court as a factor in its review, the

relevant inquiry is whether Lincoln, as decision-maker, was internally conflicted when making its benefit decision in this case. The conflict inquiry does not concern or involve potential conflicts of extraneous third parties. The documents sought concerning the physicians, nurses, psychologists, psychiatrists, or vocational professionals is irrelevant because these individuals are not vested with the authority to terminate Plaintiff's benefits, and the requested documents are not competent evidence of Lincoln's alleged conflict in this case. Accordingly, the documents sought by Plaintiff are not relevant and do not constitute competent evidence of Lincoln's alleged conflict in this case.

**REQUEST FOR PRODUCTION NO. 3:**

For the time period of 2019, 2020, 2021, 2022, and 2023, for the physician(s) referenced in Interrogatory 4, please provide copies of any and/or all correspondence between the physician (or the physician's employer) and Lincoln concerning Plaintiff's disability claim which is not in the claim file or ERISA Administrative Record.

**RESPONSE:**

Lincoln objects to this Request to the extent that it requests documents protected by the attorney-client or attorney work product privilege. Lincoln further objects to this Request on the basis that it is overly broad because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in that it seeks documents outside the administrative record upon which Plaintiff's claim for benefits was considered by Lincoln. Lincoln further objects to this Request on the basis that it is overly broad in that it contains an unreasonable time limitation. Lincoln further objects on the basis that the Request is overly broad because it is not limited to documents related to Plaintiff's claim for benefits and the particular disability plan at issue in this litigation, nor is it limited in geographic scope. Lincoln further objects to this Request on the basis that it is overly broad in that it contains an unreasonable time limitation.

Subject to and without waiving the foregoing objections, Lincoln states that although Lincoln's alleged conflict of interest may be considered by the Court as a factor in its review, the relevant inquiry is whether Lincoln, as decision-maker, was internally conflicted when making its benefit decision in this case. The conflict inquiry does not concern or involve potential conflicts of extraneous third parties. The documents sought are irrelevant because these physicians are not vested with the authority to terminate Plaintiff's benefits, and the requested documents are not competent evidence of Lincoln's alleged conflict in this case. Accordingly, the documents sought by Plaintiff are not relevant and do not constitute competent evidence of Lincoln's alleged conflict in this case.

Subject to and without waiving the foregoing objections, Lincoln responds that all relevant documents in its possession, custody, or control governing the claim for benefits from the benefit plan at issue in this action have been produced (Lincoln/Hampton 0081-4902).

Respectfully submitted,

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

By: ______________________
Iwana Rademaekers (Texas Bar # 16452560)
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was forwarded via Electronic Mail on the 30th day of June, 2023 to the following counsel of record:

D. Seth Holliday, Esq.
e-mail: sholliday@mcmahanfirm.com

______________________
Iwana Rademaekers