UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KIMIA ANSARI,

Plaintiff, CASE NO.: 1:17-cv-4674-MHC

v.

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON,

Defendant.
_________________________________/

**ANSWER AND AFFIRMATIVE DEFENSES OF**
**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON**

COMES NOW the Defendant, Liberty Life Assurance Company of Boston ("Liberty Life"), by and through its undersigned counsel, and hereby responds to Plaintiff's Complaint, and to each and every allegation contained therein, stating as follows:

1. Admitted that this Court has subject matter jurisdiction over this claim, based on federal question jurisdiction under 28 U.S.C. §1331. Admitted that Plaintiff seeks relief under the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. §1001, *et seq.*, specifically, 29 U.S.C. §1132.

Denied that Plaintiff is entitled to any such relief. Denied as to all matters not expressly admitted herein.

2. Admitted.

3. Admitted.

4. Admitted that Plaintiff exhausted her administrative remedies before filing this action. Denied as to all matters not expressly admitted herein.

5. Admitted.

6. Admitted that benefits under the L'Oreal USA, Inc. Long Term Disability Plan ("the Plan") are insured by Liberty Life under a Group Disability Income Policy ("the Policy") issued by Liberty Life to L'Oreal USA, Inc. ("the Sponsor"). Admitted that the Plan is an employee welfare benefit plan, as that term is defined by ERISA. Denied as to all matters not expressly admitted herein.

7. Admitted that Liberty Life, as a claims administrator for the Plan, has discretionary authority to make benefits determinations. Admitted that Liberty Life is the party responsible for paying claims that have been approved under the Plan. Denied as to all matters not expressly admitted herein.

8. Admitted that Liberty Life insures benefits under the Plan. Denied that there are any benefits due to Plaintiff. Denied as to all matters not expressly admitted herein.

9. Admitted.

10. Without knowledge and therefore denied.

11. Admitted that the majority of medical records received by Liberty Life relative to Plaintiff's claim are from health care providers in Georgia. Denied as to all matters not expressly admitted herein.

12. Admitted.

13. Admitted that Plaintiff was an employee of the Sponsor. Admitted that Plaintiff was a participant in the Plan during all or part of her time of employment with the Sponsor. Denied as to all matters not expressly admitted herein.

14. Admitted that Plaintiff's last day of work for the Sponsor was June 5, 2015. Denied as to all matters not expressly admitted herein.

15. Admitted that benefits under the Plan are insured by the Policy. Denied as to all matters not expressly admitted herein.

16. Admitted that Liberty Life paid Plaintiff benefits under a reservation from December 13, 2015 through January 20, 2016 while it completed its claim assessment. Denied as to all matters not expressly admitted herein.

17. Denied.

18. Denied.

19. Admitted that Plaintiff submitted some medical documentation to Liberty Life on a timely basis, though such documentation did not evince disability under the Plan. Denied that all of the medical documentation submitted by Plaintiff to Liberty Life was timely, as Plaintiff submitted voluminous documentation to Liberty Life after the completion of the initial claim review and the administrative review were both completed, and well beyond the time prescribed by the Plan and ERISA regulations. Denied as to all matters not expressly admitted herein.

20. Admitted that Plaintiff submitted documentation during the administrative review of her claim and appeal that included, *inter alia*, records or opinions for the following medical providers and dates:

- Dr. Byrd (8/31/15)
- Dr. Caudill (9/10/15, 9/19/15)
- Dr. Hanafi (8/31/15, 10/16/15, 1/25/16)

- Dr. Pecker (10/21/15)
- Dr. Pri-Paz (4/29/15, 5/6/15, 5/28/15)
- Dr. Ruden (8/11/15, 4/26/16, 7/13/16)
- Dr. Schottenstein (12/1/15)

Denied that Plaintiff submitted documentation during the administrative review of her claim and appeal that included records or opinions for the following medical providers and dates:

- Dr. Caudill (9/12/16)
- Dr. Kwok (4/11/17)
- Dr. Mastrogianakis (4/27/17)
- Dr. Ruden (8/5/16, 1/31/17)

Denied that Plaintiff submitted any documentation from any vocational epert during the administrative review of her claim and appeal. Denied as to all matters not expressly admitted herein.

21. Admitted that Plaintiff submitted MRIs from November 17, 2015 and December 15, 2015 to Liberty Life during the administrative review of her claim and appeal. Denied that Plaintiff submitted an August 10, 2016 MRI or an August

22, 2016 diagnostic study to Liberty Life during the administrative review of claim and appeal. Denied as to all matters not expressly admitted herein.

22. Admitted that Plaintiff provided Liberty Life with at least one medical opinion that Plaintiff suffered from hyperaldosteronism. Denied that this was a dispositive diagnosis. Denied that Plaintiff provided Liberty Life with evidence of a disability arising out of this medical condition. Denied as to all matters not expressly admitted herein.

23. Admitted that Plaintiff provided Liberty Life with at least one medical opinion that Plaintiff suffered from avascular necrosis of the right femoral head. Denied that this was a dispositive diagnosis. Denied that Plaintiff provided Liberty Life with evidence of a disability arising out of this medical condition. Denied as to all matters not expressly admitted herein.

24. Denied that Plaintiff provided Liberty Life any evidence of Tarlov cysts during the administrative review of her claim and appeal. Denied as to all matters not expressly admitted herein.

25. Admitted that Liberty Life denied Plaintiff's claim for benefits under the Plan. Admitted that Plaintiff has exhausted her administrative remedies.

26. Denied.

27. Denied.

28. Admitted that Liberty Life is the claims administrator who made the adverse benefits determination. Admitted that Liberty Life would pay the claim out of its own assets if Plaintiff were found to be disabled. Denied as to all matters not expressly admitted herein.

29. Admitted that Liberty Life insured benefits and made claims decisions under the Plan, thereby authorizing the Court to consider conflict of interest as a factor when determining whether Liberty Life abused its discretion in making its claim determination. Denied that any actual bias or conflict of interest influenced Liberty Life's claim determination relative to Plaintiff's claim. Denied as to all other matters not expressly admitted herein.

30. Denied.

31. Denied.

32. Denied.

33. Admitted that Plaintiff exhausted her administrative remedies. Denied as to all matters not expressly admitted herein.

34. Admitted that Plaintiff's complaint is not time-barred. Denied as to all matters not expressly admitted herein.

35. Denied.

36. Admitted that Liberty Life insured benefits and made claims determinations under the Plan, thereby authorizing the Court to consider conflict of interest as a factor when determining whether Liberty Life abused its discretion in making its claim determination. Denied that any actual bias or conflict of interest influenced Liberty Life's claim determination relative to Plaintiff's claim. Denied as to all other matters not expressly admitted herein.

37. Admitted that Liberty Life has limited, specific fiduciary obligations as a claims administrator for the Plan. Denied as to all matters not expressly admitted herein.

38. Admitted that fiduciary must carry out its duties with respect to the plan by placing the interests of the Plan and its participants ahead of its own. Denied as to all matters not expressly admitted herein.

39. Denied that Liberty Life failed to satisfy any duty it has or had relative to the Plan and Plaintiff's claim. Denied as to all matters not expressly admitted herein.

40. Admitted that a claims administrator has the duty to fully review all relevant information provided to it by the claimant during the claims process and

administrative review process. Denied that a claims administrator has the duty to conduct an investigation beyond the information submitted by the claimant or to gather information beyond that which is submitted by the claimant during the claims process and administrative review process. Denied as to all matters not expressly admitted herein.

41. Denied that Liberty Life failed to satisfy any duty it has or had relative to the Plan and Plaintiff's claim. Denied as to all matters not expressly admitted herein.

42. Admitted.

43. Denied that Liberty Life failed to satisfy any duty it has or had relative to the Plan and Plaintiff's claim. Denied as to all matters not expressly admitted herein.

44. Admitted that a claims fiduciary should consider the interests of a claimant ahead of its own. Denied that a claims fiduciary must resolve "undeterminable issues in its insured's favor," as it is the claimant's obligation under the terms of the Plan to provide proof of disability such that it is determinable whether the claimant is disabled. If the claimant fails to submit such proof of disability, the terms of the plan require that a claim be denied, as the claimant has

not satisfied obligations and conditions precedent under the terms of the Plan. Denied as to all matters not expressly admitted herein.

45. Denied that Liberty Life failed to satisfy any duty it has or had relative to the Plan and Plaintiff's claim. Denied as to all matters not expressly admitted herein.

46. Admitted that a claims fiduciary has the obligation to read, interpret and understand all of the pertinent information that is submitted to it during the claims process and administrative review process so as to be able to make a fair, objective and thorough evaluation of the participant's claim for benefits. Denied as to all matters not expressly admitted herein.

47. Denied that Liberty Life failed to satisfy any duty it has or had relative to the Plan and Plaintiff's claim. Denied as to all matters not expressly admitted herein.

48. Liberty Life is unable to frame a response to paragraph 48 of the Complaint, as it is uncertain as to what the allegation means. As such, Liberty Life denies the allegation and requires strict proof.

49. Denied that Liberty Life failed to satisfy any duty it has or had relative to the Plan and Plaintiff's claim. Denied as to all matters not expressly admitted herein.

50. Admitted.

51. Denied that Liberty Life failed to satisfy any duty it has or had relative to the Plan and Plaintiff's claim. Denied as to all matters not expressly admitted herein.

52. Admitted.

53. Denied that Liberty Life failed to satisfy any duty it has or had relative to the Plan and Plaintiff's claim. Denied as to all matters not expressly admitted herein.

54. Liberty Life is unable to frame a response to paragraph 54 of the Complaint because it is unclear as to what would constitute "excessive reliance" on in-house medical staff. Liberty Life denies that a claims administrator may not rely on the opinions of medical consultants that are employed by or contracted with the claims administrator. Denied as to all matters not expressly admitted herein.

55. Denied that Liberty Life failed to satisfy any duty it has or had relative to the Plan and Plaintiff's claim. Denied as to all matters not expressly admitted herein.

56. Admitted.

57. Denied that Liberty Life failed to satisfy any duty it has or had relative to the Plan and Plaintiff's claim. Denied as to all matters not expressly admitted herein.

58. Admitted that a claims administrator should evaluate the totality of information in its possession at the time it makes its claim determination and appellate review determination. Denied as to all matters not expressly admitted herein.

59. Denied that Liberty Life failed to satisfy any duty it has or had relative to the Plan and Plaintiff's claim. Denied as to all matters not expressly admitted herein.

60. Admitted.

61. Denied that Liberty Life failed to satisfy any duty it has or had relative to the Plan and Plaintiff's claim. Denied as to all matters not expressly admitted herein.

62. Admitted that if Plaintiff were found to be disabled, her gross benefit under the plan would be $6,655 per month. Admitted that the gross benefit would be reduced by any Other Income Benefits and Other Income Earnings, as those terms are defined by the Plan and Policy. Denied as to all matters not expressly admitted herein.

63. Admitted that Liberty Life agreed to pay benefits to Plan participants upon receipt of proof of disability, subject to the terms and conditions of the Plan and Policy. Denied as to all matters not expressly admitted herein.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Admitted.

72. Denied.

73. Denied.

74. Denied.

AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE: Liberty Life affirmatively avers that this action seeks disability benefits under the terms of an employee welfare benefit plan, which provides long term disability benefits. The Plan at issue is governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§1001 *et seq*. The plaintiff's remedies under this Plan, if any, are limited to those which Section 502(a) of ERISA (codified at 29 U.S.C. Section 1132(a)) provides. To the extent that the plaintiff demands any relief or remedy not provided by Section 502(a) of ERISA those demands are preempted by ERISA and therefore fail to state a claim for which relief may be granted.

SECOND AFFIRMATIVE DEFENSE: Liberty Life affirmatively avers that the plaintiff has failed to comply with all conditions precedent to receiving benefits under the Plan, including, but not limited to, failing to demonstrate during the claim process and administrative appeal that he was entitled to the benefits for which he makes claim.

THIRD AFFIRMATIVE DEFENSE: Liberty Life affirmatively avers that it has discharged its duties with respect to the Plan in accordance with the documents and instruments governing the Plan and ERISA.

FOURTH AFFIRMATIVE DEFENSE: Liberty Life affirmatively avers that it was only obligated to review and consider such documentation as was submitted during the claim and appellate review process afforded by ERISA and the terms of the Plan, and that the Court's review is limited to this Administrative Record. Liberty Life could not and was not required to consider documentation submitted after the completion of the appellate review process, and this Court may not consider any such information.

FIFTH AFFIRMATIVE DEFENSE: Liberty Life affirmatively avers that in the event a Court should determine benefits are due and payable, Liberty Life is entitled to an offset of any Benefits from Other Income, as that term is defined by the Plan, for which Plaintiff is eligible.

SIXTH AFFIRMATIVE DEFENSE: Liberty Life affirmatively avers that the Court's review of Liberty Life's claims determination is subject to an "arbitrary and capricious" standard of review, as delineated in *Firestone Tire & Rubber Company v. Bruch*, 489 U.S. 101, 109 S.Ct. 948 (1989); *Metropolitan Life Insurance Co. v.*

Glenn, 128 S.Ct. 2343 (2008); and Doyle v. Liberty Life Assurance Company of Boston, 542 F.3d 1352 (11th Cir. 2008).

SEVENTH AFFIRMATIVE DEFENSE: Liberty Life affirmatively avers that the plaintiff is not entitled to a jury trial under ERISA.

EIGHTH AFFIRMATIVE DEFENSE: Liberty Life affirmatively avers that the Court's review of Liberty Life's claims determination is limited to a review of the information within Liberty Life's possession at the time, pursuant to Jettv. Blue Cross & Blue Shield of Alabama, 890 F.2d 1137 (11th Cir. 1989). Liberty Life demands its reasonable attorneys' fees incurred in the defense of this action, pursuant to 29 U.S.C. §1132(g).

WHEREFORE, LIBERTY Life requests that the Court enter judgment in favor of Liberty Life, awarding Liberty Life its costs, its attorney fees pursuant to 29 U.S.C. §1132(g), and any other relief this Court deems just and equitable.

/s *Forrest K. Clinard*

Forrest K. Clinard, Esq.
Georgia Bar No.: 170361
Law Office of Forrest K. Clinard
1 Glenlake Parkway
Suite 700
Atlanta, Georgia 30328
Phone: 770-592-3110
Fax: 770-592-6595
fkclinard@clinardlawfirm.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 20th day of December, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to: D. Seth Holiday, McMahan Law Firm, LLC, 700 S. Thornton Avenue, Dalton, GA 30722, email: Sholliday@mcmahanfirm.com.

*/s Forrest K. Clinard*

**Forrest K. Clinard, Esq.**
Georgia Bar No.: 170361
Law Office of Forrest K. Clinard
1 Glenlake Parkway
Suite 700
Atlanta, Georgia 30328
Phone: 770-592-3110
Fax: 770-592-6595
fkclinard@clinardlawfirm.com