UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| LYNNEA SANDEEN,<br><br>Plaintiff,<br><br>v.<br><br>THE PAUL REVERE LIFE INSURANCE COMPANY, et al.,<br><br>Defendants. | ) | No. 1:18–CV–248 |

SEALED ORDER

This matter is before the Court on Plaintiff's Motion to Reconsider Overruling of Her Objections to the Magistrate Judge's Order Denying Discovery. [Doc. 69]. Plaintiff requests the Court to reconsider its previous order because she has new evidence showing that she is entitled to discovery in this ERISA action. [*Id.* at PageID 4520]. Plaintiff has filed two briefs in support, [Docs. 68, 83], and Defendant filed two briefs in opposition, [Docs. 78, 84]. For the reasons stated below, Plaintiff's Motion to Reconsider, [Doc. 69], is GRANTED, the Court's previous Order, [Doc. 35], overruling Plaintiff's Objections is VACATED in part, Plaintiff's Objection regarding a sufficient showing of evidence, [Doc. 28], is SUSTAINED, and Plaintiff's Motion for Discovery, [Doc. 19], is GRANTED in part and DENIED in part.

Plaintiff originally filed a Motion for Discovery, [Doc. 19], which the Magistrate Judge denied, [Doc. 27]. Plaintiff objected to the Magistrate Judge's order and argued that the Magistrate Judge applied incorrect law when requiring Plaintiff to make a threshold showing of evidence of bias or conflict of interest before obtaining discovery. [Doc. 28–1, PageID 2603]. Further, Plaintiff argued that even if the Magistrate Judge applied the correct law, she made a threshold showing of evidence of bias or conflict of interest. [*Id.*]. This Court overruled all of Plaintiff's objections.

[Doc. 35]. Now, Plaintiff asks the Court to reconsider her objection regarding whether she made a threshold showing of evidence of bias or conflict of interest. [Doc. 69, PageID 4520]. Plaintiff does not ask the Court to reconsider its overruling of Plaintiff's objections regarding the Magistrate Judge's application of law. [*Id.*].

A court may reconsider a previous order under federal common law or Rule 54(b) of the Federal Rules of Civil Procedure. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). Plaintiff has satisfied this requirement because she provided evidence from a deposition taken in a state court proceeding on January 24, 2020. Therefore, the Court will reconsider the section of its previous Order in which it ruled that Plaintiff did not make a threshold showing of evidence of bias or conflict of interest.

Previously, the Court ruled that the Magistrate Judge was not clearly erroneous when he applied *Guest-Marcotte v. Life Ins. Co. of N. Am.*, 730 F. App'x 292 (6th Cir. 2018), to decide whether Plaintiff was entitled to discovery for this ERISA case. [Doc. 35, PageID 2734]. Consistent with *Guest-Marcotte*, the Court further ruled that Plaintiff needed to make a threshold evidentiary showing of bias or conflict of interest to seek discovery. [*Id.*]. Plaintiff did not meet that requirement. [*Id.* at PageID 2737]. The Court ruled that Plaintiff did not meet that requirement, in part, because Plaintiff relied on deposition testimony from Defendant's Massachusetts office, and Plaintiff's claim was handled in Chattanooga. [*Id.* at PageID 2735]. The evidence from

Massachusetts was insufficient because the evidence lacked "a relationship or nexus with Plaintiff's claim." [*Id.* at PageID 2735]. But now Plaintiff has new evidence.

As proof of evidence of bias or conflict of interest, Plaintiff submits the deposition transcript of Assistant Vice President Marianne Justin from *Wines v. Unum Group Inc.*, No. 19–C–150, (Hamilton County Tennessee Circuit Court). [Doc. 68, PageID 4330]. Ms. Justin supervises a long-term disability benefits group in Defendant's Chattanooga Office. [Doc. 83–1, PageID 4843, 4888]. During her deposition, Ms. Justin said that "directors," who work with disability benefits specialists on day-to-day claims decision, have access to weekly reports that track the directors' progress in closing claims, which Defendant refers to as "recoveries." [*Id.* at PageID 4829–30, 4849, 4864, 4917–4919]. The weekly reports track directors' progress in closing claims and compares the progress to a plan made by the finance department. [*Id.* at PageID 4863–65, 4881–83]. The weekly report further gives the director a projection of closing claims through the end of the month and tells the director if he or she is ahead or behind the plan. [*Id.* at PageID 4883–84]. Directors are expected to know their progress, and Ms. Justin discusses the directors' progress in weekly meetings. [*Id.* at PageID 4912–16].

The deposition testimony provided by Plaintiff meets the threshold requirement articulated by *Guest-Marcotte*. Under *Guest-Marcotte*, "[t]o be entitled to such discovery, an ERISA claimant must first 'provide sufficient evidence of bias—or of any procedural irregularity—to justify prehearing discovery . . . .'" *Guest-Marcotte*, 730 F. App'x at 304 (quoting *Likas v. Life Ins. Co. of N. Am.* , 222 F. App'x. 481, 486 (6th Cir. 2007)). Plaintiff has shown that directors have access to a document that tracks their progress in closing claims compared to a plan created by the finance department. Access to this document could create pressure for directors, who are very involved in claims decisions, to make decisions based on their comparison to the plan rather than the merits of

each claim. Importantly, this evidence specifically relates to Defendant's Chattanooga office, where Plaintiff's claim was decided. This evidence and the pressure the weekly report could put on directors to close claims make a threshold showing of bias or conflict of interest.

Defendant argues that Ms. Justin's deposition does not entitle Plaintiff to discovery because benefit specialists do not have access to the weekly report and because the director who assisted in the determination of Plaintiff's claim filed a declaration stating that he never used the weekly tracking report when deciding Plaintiff's claim. [Doc. 78, PageID 4552; Doc. 84, PageID 4983]. Defendant's points are unpersuasive. While benefits specialist may not have access to the weekly report, directors do, and Ms. Justin's testimony shows that directors are an integral part of the claims-decision process. Further, while the director who assisted in the determination of Plaintiff's claim has filed a declaration stating that he did not take the weekly tracking report into consideration and has never been pressured to close claims for financial reasons, his statement does not contradict the evidence provided by Ms. Justin's deposition testimony. [Doc. 78, PageID 4553–54; Doc. 84, PageID 4985].

Plaintiff also provides additional evidence regarding a particular director putting pressure on his team to close claims. [Doc. 68, PageID 4333]. This director required his team to close a certain number of claims each month. [*Id.*]. Defendant argues that this evidence is outdated considering it is 12 years old. [Doc. 78, PageID 4554]. The Court does not need to address whether this evidence is stale as Plaintiff has already met its threshold requirement with the deposition testimony.

Now that it has been determined that Plaintiff has met the initial evidentiary showing, the Court must determine what discovery Plaintiff is entitled to. In her original motion, Plaintiff asks for written discovery and to depose the claims handler who handled Plaintiff's claim, the director

who denied her claim, and the assistant vice president who supervised the director. [Doc. 19–1, PageID 1906]. In the Motion to Reconsider, Plaintiff asks only to depose the director who denied her claim for four hours and for limited discovery. [Doc. 68, PageID 4334]. Plaintiff's request in the Motion to Reconsider is sufficient based on the evidence provided by Plaintiff. The Court will GRANT Plaintiff's request for a four-hour deposition of the director who denied Plaintiff's claim and her request for written discovery that is attached to her original motion. The requests to depose the claims handler and assistant vice president are DENIED without prejudice.

For the above stated reasons, Plaintiff's Motion to Reconsider, [Doc. 69], is GRANTED, the Court's previous Order, [Doc. 35], overruling Plaintiff's Objections is VACATED in part, Plaintiff's Objection regarding a sufficient showing of evidence, [Doc. 28], is SUSTAINED, and Plaintiff's Motion for Discovery, [Doc. 19], is GRANTED in part and DENIED in part.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

Exhibit 9 Page 5 of 5