UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| LYNNEA SANDEEN,<br><br>Plaintiff,<br><br>v.<br><br>THE PAUL REVERE LIFE INSURANCE COMPANY, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:18–CV–248 |

ORDER

This matter is before the Court on Plaintiff's Motion to Unseal the Court's August 5, 2020 Order. [Doc. 93]. Defendants filed an opposition to the Motion, and Plaintiff replied. [Docs. 97, 99]. After reviewing the Parties' briefs and case law, the Motion to Unseal, [Doc. 93], is GRANTED.

Although parties may consider documents and information to be confidential while conducting discovery, the documents and information are not necessarily kept under seal after they become a part of the Court's record. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich*, 825 F.3d 299, 305 (6th Cir.2016) (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). There is a strong presumption in favor of openness in the court system. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983). "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983). The party seeking to prevent the disclosure of judicial records bears the burden to in showing one of the limited exceptions to the presumption of openness. *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179; *see In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). There are two groups of exceptions, "those based on the need to keep





Case 1:18-cv-00248-JRG-CHS Document 110 Filed 10/07/21 Page 1 of 3 PageID #: 10260
Case 2:20-cv-02349-DCC... Document... Filed 07/25/23 Page 123 ... PageID #: 35223

order and dignity in the courtroom and those which center on the content of the information to be disclosed to the public." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179. This second group of exceptions, which is at issue here, include "certain privacy rights of participants or third parties, trade secrets and national security." *Id.*

Here, Defendants seek to keep the August 5th Order under seal, [Doc. 97], and they bear the burden to show that one of the limited exceptions applies. Defendants argue that Plaintiff's motion should fail because the documents underlying the August 5th Order were sealed by the Magistrate Judge on July 10, 2020, and July 24, 2020, and Plaintiff failed to object to those orders under the 14–day period proscribed by Rule 72(a) of the Federal Rules of Civil Procedure. [*Id.* at PageID 5079]. Second, Defendant argues that the August 5th Order may remain under seal because it involves discovery matters rather the merits of the case. [*Id.*].

Neither of these reasons fall into an exception to the presumption that a Court's record should be open. First, the Magistrate Judge's decision to seal underlying documents is not conclusive that this Court's order should be sealed. They are distinct issues, and Rule 72(a) is not implicated. Second, Defendants' argument that the public interest in discovery issues is less than issues on the merits does not address or discuss any of the "certain privacy rights of participants or third parties, trade secrets and national security" that permit court documents to remain sealed. *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179. Further, the Sixth Circuit has stated that while some secrecy is permitted at the discovery stage, the public has a strong interest in being able to obtain information and materials when they are a part of the judicial record. *Shane Group, Inc.*, 825 F.3d at 305. This Court's August 5th Order is undeniably a part of the judicial record and not itself discovery. Considering Defendants have failed to make any arguments that could support sealing the August 5th Order, Plaintiff's Motion must be granted.

For the reasons stated above, Plaintiff's Motion to Unseal the Court's August 5, 2020 Order, [Doc. 93], is GRANTED. The Clerk of Court is DIRECTED to UNSEAL the Court's Order filed on August 5, 2020, [Doc. 92].

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE