APPENDIX A

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Marvin Smith,

Plaintiff,

vs. Case No. 1:05CV287

Hartford Life & Accident Ins. Co., et al.,

Defendants.

**DEFENDANT'S SUPPLEMENTAL ANSWERS AND RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION**

Now comes Defendant, by and through counsel, and herein provides its supplemental answers and responses to Plaintiff's First Interrogatories and Request for Production. In supplying the following information, Defendant in no way waives its objections to Plaintiff's first interrogatories and requests for production as stated in its prior responses and answers.

**INTERROGATORIES**

1. Please identify any information, other than the information contained in the administrative record already provided, that in any way contributed to the determination that Plaintiff was no longer eligible to receive disability benefits.

ANSWER: No such information exists.

2. State the number of Long Term Disability cases in which you retained the University Disability Consortium to perform services from January 1, 2002 to the present.

ANSWER: Defendant objects to providing information responsive to this interrogatory beyond the termination date of benefits, November 30, 2004. Subject to this objection, and without waiving it:

In 2002, Hartford referred 1,425 claims to UDC for review. The total number of open claims in 2002 was 40,530.

In 2003, Hartford referred 1,575 claims to UDC for review. The total number of open claims in 2003 was 40,938.

In 2004, Hartford referred 2,185 claims to UDC for review. The total number of open claims in 2004 was 65,581.

3. How much have you paid University Disability Consortium for services relating to evaluation of disability claims from January 1, 2002 to the present?

ANSWER: Defendant objects to providing information responsive to this interrogatory beyond the termination date of benefits, November 30, 2004. Subject to this objection, and without waiving it:

In 2002, Hartford paid UDC a total of $1,379,860 for its services.

In 2003, Hartford paid UDC a total of $1,807,054 for its services.

In 2004, Hartford paid UDC a total of $2,781,328 for its services.

4. State the number of Long Term Disability cases in which you have used Dr. John J. Brannan or Dr. Peter A. Boxer for independent evaluations from January 1, 2002 to the present.

ANSWER: The Hartford does not maintain the individual doctor's information, but rather, pays the vendor with which they are associated and the vendor retains the

independent medical reviewers for their services. Thus, Defendant is unable to provide this information.

5. Describe all internal controls, and identify any documents which relate to such controls, that you utilize to insure that your decision whether a claimant is disabled is not influenced by the fact that you pay the benefits on approved claims.

ANSWER: Defendant employs the express language of a subject policy and certificate of insurance, or an employer's welfare benefit plan when a claim is self-insured, to administer claims in light of the medical and vocational evidence presented in support of a claim when making benefits decisions. As such, all benefit decisions are made on an objective and basis without regard to who ultimately is responsible to pay the claim.

**REQUEST FOR PRODUCTION OF DOCUMENTS**

1. Please produce the claims manual used to evaluate Plaintiff's disability.

**RESPONSE:** See attached index to the claims manual.

2. Please produce any and all internal memoranda, policies and procedures concerning your evaluation of disability claims that were in effect during the period you were considering Plaintiff's disability status.

**RESPONSE:** See attached index to the claims manual.

3. Please produce any and all internal memoranda, e-mails or other documents which refer or relate to Plaintiff's disability status which were not contained in the administrative record.

RESPONSE: No such information exists.

2. Produce all documents identified in your response to Interrogatory #5.

RESPONSE: See attached index to the claims manual.

As to objections:

Philip F. Brown

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Answers and Responses to Plaintiff's Interrogatories and Document Requests were served upon the following by ordinary U.S. Mail, postage prepaid, on this 12th day of January, 2006.

Philip F. Brown

Michael R. Schmidt, Esq.
Cohen, Todd, Kite & Stanford, LLC
250 E. Fifth Street, Suite 1200
Cincinnati, Ohio 45202
Counsel for Plaintiff