UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

HOWARD EPSTEIN,

Plaintiff,

-against-

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,

Defendant.
----------------------------------------------------------------X

Index No. 09 CV 5608 (WHP)

**DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant, Hartford Life And Accident Insurance Company ("Hartford"), by and through its attorneys, SEDGWICK, DETERT, MORAN & ARNOLD LLP, responds to plaintiff's First Set of Interrogatories (the "Interrogatories") to Hartford as follows:

## GENERAL STATEMENT

The below responses are based upon the personal knowledge of the below identified persons and upon the business records regularly maintained by Hartford in the ordinary and regular course of its business and upon reasonable inquiry with employees of Hartford. Hartford reserves its rights to supplement or amend the below responses.

## GENERAL OBJECTIONS

Each of the plaintiff's Interrogatories, including the definitions and instructions relative thereto, are responded to subject to the general objections as set forth below. These objections form a part of each of Hartford's responses to plaintiff's Interrogatories, although they may not be specifically referred to in each and every response to each Interrogatory. These general objections are incorporated by reference into the following specific objections and responses. Any objection or response by Hartford is made without waiver of, and subject to, these general objections:

1. Hartford's responses to these Interrogatories are based upon information presently available. By producing or referring plaintiff to documents in response to the Interrogatories, Hartford does not concede the admissibility of any document produced or that the document is original, true, accurate, complete or authentic.

2. Hartford states that it will not produce any confidential information or documents responsive to the Interrogatories until a confidentiality and protective order is issued by the Court preventing confidential, commercially sensitive and/or information protected by state and federal laws from disclosure or use outside of this litigation, including but not limited to information covered by the Health Insurance Portability and Accountability Act of 1996, the Gramm-Leach-Bliley Act of 1999 and CONN. GEN. STAT. §31-128f.

3. Hartford objects to all Interrogatories to the extent that they purport to require disclosure of (i) legal theories, legal opinions, mental impressions or other information of Hartford's counsel, (ii) any information protected by any privilege, including without limitation the attorney-client privilege, the joint defense privilege, the privilege accorded to settlement negotiations, the first amendment privilege, the trade secret or proprietary information privilege, or (iii) any other available or valid grounds for withholding information or documents from production, including without limitation the attorney work product doctrine. Hartford also objects to the Interrogatories, and each Interrogatory set forth therein, to the extent that it seeks information collected, generated or prepared in anticipation of trial.

4. Hartford objects to all Interrogatories to the extent that they purport to require disclosure of Hartford's confidential and proprietary business information and/or its trade secrets without the benefit of a protective order and/or confidentiality agreement, and asserts each and every applicable privilege or rule to the full extent provided by law.

5. Hartford objects to the plaintiff's definitions and Interrogatories to the extent they attempt to alter, expand or otherwise modify the requirements or obligations imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules") or any orders of the Court.

6. Hartford objects to all Interrogatories to the extent each seeks information other than the names of witnesses with knowledge of information relevant to the subject matter of the action, computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents as limited by Local Rule 33.3(a).

7. Hartford objects to the Interrogatories to the extent they seek the identification and production of information and documents that are not in the possession, custody or control of Hartford, and is, therefore, beyond the scope of discovery allowed pursuant to Federal Rules of Civil Procedure 26, 33 and 34.

8. Hartford objects to each Interrogatory to the extent that it calls for a conclusion of law or improperly seeks litigation or trial strategy.

9. Hartford objects to plaintiff's interrogatories to the extent that they call for information relating to Hartford's other insureds or enrollees on the grounds that such information is confidential business information protected by the good faith obligation between an insurer and its insured and by the trade secret privilege. Such information is also irrelevant and immaterial to the present action and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, such information is proprietary to such other insureds and have been provided to Hartford in confidence and, therefore, all other insureds are entitled to notice and a hearing before production of this information.

10. Hartford objects to plaintiff's Interrogatories generally on the grounds that they are overly broad, unduly burdensome and seek information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

11. Hartford objects to each Interrogatory to the extent it requests information that is irrelevant and immaterial to this action and it is not reasonably calculated to lead to the discovery of admissible evidence.

12. Hartford objects to each Interrogatory to the extent that it is misleading, vague, ambiguous, repetitive, unintelligible, nonsensical and/or convoluted so as to render it impossible to respond in any reasonable time or manner.

13. Hartford objects to each Interrogatory to the extent it seeks information already within plaintiff's knowledge or control or is more easily available to them, on the grounds that such Interrogatories are unduly burdensome and oppressive.

14. Hartford objects to each Interrogatory to the extent it requests an exhaustive recitation of facts supporting its present contentions and to speculate as to future contentions, prior to the completion of discovery. Such requests are unduly burdensome to counsel.

15. Hartford objects to these Interrogatories to the extent they seek information not relevant nor likely to lead to the discovery of admissible evidence concerning the issue of whether a financial conflict of interest affected its decision-making or concerning the completeness of the record.

16. Hartford objects to the Interrogatories pursuant to Rule 33(a), FED. R. CIV. P., on the grounds the Interrogatories exceed twenty-five (25) in number when including discrete subparts.

## OBJECTIONS TO DEFINITIONS

1. Hartford objects to plaintiff's Definitions to the extent that they expand the scope of definitions set forth in Local Rule 26.3(c), including plaintiff's definition of "Communication." To

the extent, plaintiff's definitions differ from those set forth in Local Rule 26.3(c), Hartford will apply the Local Rule definition.

2. Hartford objects to the definition of the term "Hartford" to the extent it seeks admissions from former officers, directors, employees, shareholder, agents, representatives or attorneys, or any other person acting or purporting to act on behalf of Hartford or any other party who is not subject to the control of Hartford and to the extent that they seek documents or materials not in the custody and control of Hartford. Hartford further objects to the definition of these terms to the extent it seeks to broaden the scope of the term "parties" under Local Rule 26.3(c)(5).

3. Hartford objects to the definition of the "Plan" to the extent it seek admissions from former officers, directors, employees, shareholder, agents, representatives or attorneys, or any other person acting or purporting to act on behalf of Hartford or any other party who is not subject to the control of Hartford and to the extent that they seek documents or materials not in the custody and control of Hartford.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

### Interrogatory No. 1

Identify each person or entity who participated in the processing, investigation, or review of plaintiffs claim for short and/or long term disability benefits under the Plan, each and every claim adjuster, claim supervisor, claim manager, team leader, best practices manager, claim committee member, members of SIU, legal counsel (whether in house or outside counsel), nurse, doctor, other medical professional, vocational personnel, non-parties and employees, agents and/or servants of Hartford, including without limitation, the following individuals:

- Marsha L. Macko
- Mark H. Eaton, M.D.
- Rakesh Vinayek, M.D.
- Douglas Brown, M.D.
- Cheryl A. Sauerhoff
- Cynthia L. Schmitt
- Troy M. Hughes
- Debbie S. Albern
- Koni Torres

- Randy H. Daniels
- Priscilla Blanton
- Lindsay Staup
- Vilme S. Pimentel
- Shawn A. Edwards
- Maureen Santorelli
- Caroline Cordero
- Christen Grant
- Jessica M. Tschausoff
- Ashley E.
- Shaunte S. Williams
- Monica K. Vega
- Juanita H. Wichombe
- Lissa Estes
- Jennifer Robin Hodge
- Eileen F. Figueroa
- James Bress, M.D.
- Erik P. Mumbert
- Nancy Secheveral
- Carolyn Foster
- Jeffrey L. Moyer
- Christie A. Mendez
- Catrina L. Goins
- Debra L. Gutierrez
- Debora Aliaga
- Christina Sarber
- Claro X. Cruz
- Troy M. Hughes
- Deborah Madden
- Bernadette Rhodes
- Andre German
- Lawonza F. Thomas
- Wanda X. Wiley
- Sharon Herring
- Sean W. Moody
- Bahiyyah Gunn
- Jessica L. Scheer
- Jeffrey Opolka
- Liliana E. Johnson

For each person identified: state that person's: (a) full name; (b) current job title; (c) qualifications (which includes, but is not limited to, education and training, degrees, certifications, board certifications, diplomas, and certificates); (d) duties and functions performed with respect to plaintiffs claim and/or appeal; ( e) monetary level of authority in granting and/or denying claims and/or appeals (i.e., the dollar amount of their approval authority); (f) the name of their direct supervisor for the years 2006 through 2008; (h) the name of the supervisors of their direct supervisors up through the chief executive officer of Hartford for the years 2006 through 2008; and

(i) the name of their direct reports for the years 2006 through 2008. Please attach the curriculum vitae of any medical professional or occupational consultant identified.

**Response To Interrogatory No. 1**

Hartford objects to this Interrogatory on the grounds that it requests information that is outside the scope of Local Rule 33.3(a). Hartford also objects to this Interrogatory on the grounds that it is ambiguous and seeks irrelevant information. Hartford additionally objects to this Interrogatory to the extent it seeks information not relevant nor likely to lead to the discovery of admissible evidence concerning the issue of whether a financial conflict of interest affected its decision-making or concerning the completeness of the record. Subject to and without waiving the foregoing objections, Hartford refers plaintiff to the claims file produced at EPSTEIN 0000078 through 001673, which identify the persons full name, current job title, and where relevant, identifies the persons' supervisor.

**Interrogatory No. 2**

Identify each outside medical, vocational or other consultant who physically examined plaintiff, reviewed his medical records, or reviewed his work history. Please attach the curriculum vitae of any medical professional or occupational consultant identified.

**Response To Interrogatory No. 2**

Hartford objects to this Interrogatory on the grounds that it requests information that is outside the scope of Local Rule 33.3(a). Hartford also objects to this Interrogatory on the grounds that it is ambiguous and seeks irrelevant information. Hartford additionally objects to this interrogatory to the extent it calls for the production of documents. Hartford additionally objects to this Interrogatory to the extent it seeks information not relevant nor likely to lead to the discovery of admissible evidence concerning the issue of whether a financial conflict of interest affected its decision-making or concerning the completeness of the record. Subject to the foregoing objections, Hartford states that it did not retain an independent medical expert to examine plaintiff and refers plaintiff to the claims file produced at EPSTEIN 0000078 through 001673. Further, Hartford refers

plaintiff to EPSTEIN 000363, noting that plaintiff was examined by two independent medical examiners at Industrial Medicine Associates, P.C., whose reports plaintiff did not submit to Hartford.

**<u>Interrogatory No. 3</u>**

If Hartford did not refer plaintiff's claim to a vocational consultant for an occupational review, state the reasons why it did not have such a review made, identify the person making that decision, any person approving such decision, and state all facts or other bases on which the decision was made. If Hartford did refer plaintiff's claim to a vocational consultant for an occupational review, describe how the functional requirements of plaintiff's job were determined by setting forth all details including the identity of who made the determination.

**<u>Response To Interrogatory No. 3</u>**

Hartford objects to this Interrogatory on the grounds that it requests information that is outside the scope of Local Rule 33.3(a). Hartford also objects to this Interrogatory on the grounds that it is ambiguous and seeks irrelevant information. Subject to the foregoing objections, Hartford states that it did not obtain an occupational review and refers plaintiff to the claims file produced at EPSTEIN 0000078 through 001673. Specifically, Hartford refers plaintiff to EPSTEIN 000416-19, which sets forth Hartford's decision contained in its letter dated May 3, 2006 and its final decision on administrative appeal contained in its letter dated September 12, 2008, EPSTEIN 000307-11.

**<u>Interrogatory No. 4</u>**

If Hartford did not consult telephonically or in person with plaintiff's physicians concerning plaintiff's claim, state the reasons why Hartford did not have such consultations, identify the person making that decision, any person approving such decision, and state all facts or other bases on which the decision was made.

**<u>Response To Interrogatory No. 4</u>**

Hartford objects to this Interrogatory on the grounds that it requests information that is outside the scope of Local Rule 33.3(a). Hartford also objects to this Interrogatory on the grounds that it is ambiguous and seeks irrelevant information. Hartford additionally objects to this Interrogatory to the extent it seeks information not relevant nor likely to lead to the discovery of

admissible evidence concerning the issue of whether a financial conflict of interest affected its decision-making or concerning the completeness of the record. Subject to the foregoing objections, Hartford refers plaintiff to the claims file produced at EPSTEIN 0000078 through 001673. Hartford further states that in at least two letters, Epstein's counsel advised Hartford not to contact Epstein's treating physicians, stating:

> Please be advised that this letter serves as your notice that any prior releases signed by my client to obtain medical records, medical information, personal information, or other information of any kind are hereby revoked to the extent that such authorizations allow you to contact any sources of information in a manner other than in writing. You may continue to use the previously signed releases or authorizations to obtain records and reports in writing, but any direct communication outside of a writing will be considered an invasion of my clients [sic] privacy.

Hartford refers Epstein to the letters dated October 25, 2007 (EPSTEIN 000365-67) and August 1, 2008 (EPSTEIN 000638-45). Specifically, Hartford states that one of its nurses spoke with plaintiff's treating physicians and communicated with them via telephone and by letter and refers plaintiff to EPSTEIN 000263-77. Hartford also notes that it requested that the independent medical record review consultants speak with plaintiff's treating physicians, which was done to the extent possible and resulted in continuing benefits for plaintiff. Plaintiff is referred to the medical review consultant report of James Bress, M.D., which reflects that plaintiff's treating physician at that time, Simon Lichtiger, M.D., confirmed that plaintiff was suffering from severe depression. (EPSTEIN 000487). Finally, Hartford states that according to Dr. Lichtiger, he was instructed by plaintiff's counsel, Scott Riemer, Esq., not to speak with any further independent medical review consultant and refers plaintiff to Bates Stamped page EPSTEIN 000320.

**<u>Interrogatory No. 5</u>**

State whether any activities occurred in relation to this matter which are not identified in the claim files maintained by Hartford and/or the Plan in relation to the claims asserted by plaintiff. This request includes, but is not limited to: (a) unscheduled walk-in visits by claims personnel with

physicians employed by Hartford; (b) discussions about plaintiff's claims amongst two or more employees of Hartford; (c) entries made in computer systems and/or databases maintained by Hartford and/or the Plan; and (d) e-mails, hand-written notes, management reports, claim activity reports, or other such activities. If your answer is in the affirmative, identify each and every such activity by date, person or persons involved, type of activity, and content or description of activity.

**Response To Interrogatory No. 5**

Hartford objects to this Interrogatory on the grounds that it requests information that is outside the scope of Local Rule 33.3(a). Hartford also objects to this Interrogatory on the grounds that it is ambiguous and seeks irrelevant information. Hartford additionally objects to this Interrogatory to the extent it seeks information not relevant nor likely to lead to the discovery of admissible evidence concerning the issue of whether a financial conflict of interest affected its decision-making or concerning the completeness of the record. Subject to the foregoing objections, Hartford states that to the extent any actions were taken with respect to deciding plaintiff's claims for benefits, those actions would be recorded in the claims file produced at EPSTEIN 0000078 through 001673, and Hartford refers plaintiff to those documents.

**Interrogatory No. 6**

State any and all rules, guidelines, protocols, standards, and criteria, whether published or internal, which were utilized in whole or in part in rendering any decision relating to plaintiff's claims for benefits, or in the administrative appeal thereof.

**Response To Interrogatory No. 6**

Hartford objects to this Interrogatory on the grounds that it requests information that is outside the scope of Local Rule 33.3(a). Hartford also objects to this Interrogatory on the grounds that it is ambiguous and seeks irrelevant information. Hartford additionally objects to this Interrogatory to the extent it seeks information not relevant nor likely to lead to the discovery of admissible evidence concerning the issue of whether a financial conflict of interest affected its decision-making or concerning the completeness of the record. Subject to the foregoing objections, Hartford states that to the extent any claims personnel utilized any rules, guidelines, protocols,

standards or criteria, such document would either be printed or referred to in the claim file, and Hartford refers plaintiff to the claims file produced at EPSTEIN 0000078 through 001673.

**Interrogatory No. 7**

State all facts and evidence which Hartford and/or the Plan believes indicate, or support any contention, that plaintiff was not disabled on or after the date her applied for LTD benefits under the Plan (and is not now disabled). Identify all persons with knowledge of such facts and state the substance of their knowledge.

**Response To Interrogatory No. 7**

Hartford objects to this Interrogatory on the grounds that it requests information that is outside the scope of Local Rule 33.3(a). Hartford also objects to this Interrogatory on the grounds that it is ambiguous and seeks irrelevant information. Hartford additionally objects to this Interrogatory to the extent it seeks information not relevant nor likely to lead to the discovery of admissible evidence concerning the issue of whether a financial conflict of interest affected its decision-making or concerning the completeness of the record. Hartford additionally objects to this Interrogatory to the extent it attempts to mischaracterize Hartford's decision. As set forth more fully in the claims file, Hartford determined that plaintiff was disabled as a result of a mental/nervous condition. Subject to the foregoing objections, Hartford states that group LTD insurance policy no. GLT-675174 (the "Policy") for the Plan effective January 1, 2005, which is Bates Stamped EPSTEIN 000001 through 000077, and the claim file, including all information submitted by plaintiff in support of his administrative appeal forms the basis for Hartford's decision, produced at EPSTEIN 0000078 through 001673. Plaintiff is referred to those documents.

**Interrogatory No. 8**

Identify and describe all forms of compensation in addition to annual salary, including without limitation, any financial incentives, bonuses, commissions or other monetary awards for LTD claims and appeals reviewers in your employ since January 1, 2005, including but not limited to those persons identified in response to Interrogatories 1. As to each, state the amount of compensation and the criteria for the award.

## Response To Interrogatory No. 8

Hartford objects to this Interrogatory on the grounds that it requests information that is outside the scope of Local Rule 33.3(a). Hartford also objects to this Interrogatory on the grounds that it is ambiguous and seeks irrelevant information. Hartford further objects to this Interrogatory to the extent that its seeks information protected by federal and state privacy laws (including, but not limited to, the Health Insurance Portability and Accountability Act of 1996 and the Gramm-Leach-Bliley Act of 1999), which prohibit Hartford from disclosing the private financial and personally identifying information of its employees as sought by plaintiff's request. Subject to and without waiving the foregoing, Hartford refers plaintiff to the Declarations of Bruce Luddy dated January 11, 2010 and Marsha L. Macko dated January 13, 2010, which were filed in this matter on January 15, 2010.

## Interrogatory No. 9

Identify the grounds for performance evaluation, promotion, demotion and/or layoff/termination decisions with respect to any individual or entity identified in response to Interrogatory 1. Please attach all performance appraisals (and any employee response) for each such individual for each year during which plaintiffs claim was pending through the year of any adverse benefit determinations on plaintiffs claim.

## Response To Interrogatory No. 9

Hartford objects to this Interrogatory on the grounds that it requests information that is outside the scope of Local Rule 33.3(a). Hartford also objects to this Interrogatory on the grounds that it is ambiguous and seeks irrelevant information. Hartford additionally objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Hartford further objects to the extent the Interrogatory calls for the production of documents. Subject to and without waiving the foregoing, Hartford refers plaintiff to the Declarations of Bruce Luddy dated January 11, 2010 and Marsha L. Macko dated

January 13, 2010, which were filed in this matter on January 15, 2010. Hartford also refers plaintiff to the documents Bates Stamped EPSTEIN 001674 CONFIDENTIAL through 1703.

**Interrogatory No. 10**

If Hartford contends that any conflict between its ERISA obligations and its profit-maximizing motive as a business is *de minimus* or did not taint any decision issued in this claim, state all facts on which it relies for such contention, identify all persons with knowledge of such facts and state the substance of the facts known by each.

**Response To Interrogatory No. 10**

Hartford objects to this Interrogatory on the grounds that it requests information that is outside the scope of Local Rule 33.3(a). Hartford also objects to this Interrogatory on the grounds that it is ambiguous and seeks irrelevant information. Hartford additionally objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing, Hartford refers plaintiff to the claims file produced at EPSTEIN 0000078 through 001673, the Declarations of Bruce Luddy dated January 11, 2010 and Marsha L. Macko dated January 13, 2010, which were filed in this matter on January 15, 2010.

**Interrogatory No. 11**

Identify what procedures, if any, Hartford has in place to comply with its fiduciary obligations under 29 C.F.R. 2560.503-1(b)(5) to treat similarly situated claimants "consistently. "

**Response To Interrogatory No. 11**

Hartford objects to this Interrogatory on the grounds that it requests information that is outside the scope of Local Rule 33.3(a). Hartford also objects to this Interrogatory on the grounds that it is ambiguous and seeks irrelevant information. Hartford additionally objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the

discovery of admissible evidence. Hartford additionally objects to this Interrogatory to the extent it seeks information not relevant nor likely to lead to the discovery of admissible evidence concerning the issue of whether a financial conflict of interest affected its decision-making or concerning the completeness of the record. Subject to and without waiving the foregoing, Hartford refers plaintiff to the copy of the Policy and to the claims file produced at EPSTEIN 0000078 through 001673. Hartford also refers plaintiff to the Declarations of Bruce Luddy dated January 11, 2010, which was filed in this matter on January 15, 2010.

**Interrogatory No. 12**

Identify all active steps taken by Hartford, or any employee, agent or consultant of Hartford, to reduce potential bias and/or promote accuracy, including without limitation: (a) walling off claims administrators from those interested in firm finances; (b) imposing management checks that penalize inaccurate decision-making irrespective of whom the inaccuracy benefits; (c) creating inter-department information walls; (d) creating incentives to reward claims processors for their accuracy; (e) creating internal controls as a method of producing administrative accuracy; and (f) requiring an individual in a supervisory role sign off on the approval of claims over a certain dollar amount.

**Response To Interrogatory No. 12**

Hartford objects to this Interrogatory on the grounds that it requests information that is outside the scope of Local Rule 33.3(a). Hartford also objects to this Interrogatory on the grounds that it is ambiguous and seeks irrelevant information. Hartford additionally objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing, Hartford refers plaintiff to the claims file produced at EPSTEIN 0000078 through 001673, the Declarations of Bruce Luddy dated January 11, 2010 and Marsha L. Macko dated January 13, 2010, which were filed in this matter on January 15, 2010.

**Interrogatory No. 13**

For each third-party medical or vocational professional who conducted a (medical and/or vocational) examination, review or study with respect to plaintiff, please state: (a) the number of

times that such professional was retained, hired or otherwise utilized by Hartford (either directly or through one of its consulting firms or agents) to conduct an examination, review or study with respect to Hartford's insureds and/or claimants in each of 2004 through 2008; (b) the percentage of total professional time in each of 2004 through 2008 that each such third-party medical or vocational professional spent performing examinations, reviews or studies as opposed to treating patients; (c) the percentage of total compensation in each of 2004 through 2008 that each such third-party medical or vocational professional derived from performing examinations, reviews or studies on behalf of Hartford.

**Response To Interrogatory No. 13**

Hartford objects to this Interrogatory on the grounds that it requests information that is outside the scope of Local Rule 33.3(a). Hartford also objects to this Interrogatory on the grounds that it is ambiguous and seeks irrelevant information. Hartford additionally objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Hartford additionally objects to this Interrogatory to the extent it seeks information not relevant nor likely to lead to the discovery of admissible evidence concerning the issue of whether a financial conflict of interest affected its decision-making or concerning the completeness of the record. Subject to and without waiving the foregoing, Hartford refers plaintiff to the claims file produced at EPSTEIN 0000078 through 001673. Hartford more specifically refers plaintiff to the reports of: James Bress, M.D. (EPSTEIN 000480-86); Douglas T. Brown, M.D. (EPSTEIN 000313-17); Mark H. Eaton, M.D. (EPSTEIN 000317-19); and Rakesh Vinayek, M.D. (EPSTEIN 000320-22). Hartford also refers plaintiff to the invoice and payment of the independent medical consultants noted at EPSTEIN 000255 and 000300-01 and Hartford further states it records reflect the following:

| Specialist | 2005 # of Reviews | 2005 Amt Billed | 2006 # of Reviews | 2006 Amt Billed | 2007 # of Reviews | 2007 Amt Billed | 2008 # of Reviews | 2008 Amt Billed | 2009 # of Reviews | 2009 Amt Billed |
|---|---|---|---|---|---|---|---|---|---|---|
| James Bress, MD | 112 | $93,375 | 108 | $91,755 | 71 | $57,735 | 53 | $44,865 | 62 | $55,080 |

| Specialist | 2005 # of Reviews | 2005 Amt Billed | 2006 # of Reviews | 2006 Amt Billed | 2007 # of Reviews | 2007 Amt Billed | 2008 # of Reviews | 2008 Amt Billed | 2009 # of Reviews | 2009 Amt Billed |
|---|---|---|---|---|---|---|---|---|---|---|
| Douglas Brown, MD | 0 | 0 | 1 | $788 | 15 | $13,221 | 35 | $33,626 | 47 | $45,281 |
| Mark Eaton, MD | 0 | 0 | 0 | $ | 4 | $3,594 | 27 | $23,389 | 35 | $29,453 |
| Rakesh Vinayek, MD | 0 | 0 | 0 | $0 | 7 | $4,646 | 18 | $16,065 | 19 | $15,356 |

Hartford's records indicate that Drs. Eaton and Vinayek did not perform any independent medical record reviews in 2005 and 2006 for Hartford. Hartford's records also indicate that Dr. Brown did not perform any independent medical record reviews in 2005 for Hartford.

**Interrogatory No. 14**

With respect to each third-party professional listed in response to Interrogatory 13, list all of the different types of injuries and/or illnesses suffered by insureds and/or claimants for which each such professional performed one or more examinations, reviews or studies in each of 2004 through 2008.

**Response To Interrogatory No. 14**

Hartford objects to this Interrogatory on the grounds that it requests information that is outside the scope of Local Rule 33.3(a). Hartford also objects to this Interrogatory on the grounds that it is ambiguous and seeks irrelevant information. Hartford additionally objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Hartford additionally objects to this Interrogatory to the extent it seeks information not relevant nor likely to lead to the discovery of admissible evidence concerning the issue of whether a financial conflict of interest affected its decision-making or concerning the completeness of the record. Subject to and without waiving the foregoing, Hartford refers plaintiff to the reports of: James Bress, M.D. (EPSTEIN 000480-86); Douglas T. Brown, M.D. (EPSTEIN

000313-17); Mark H. Eaton, M.D. (EPSTEIN 000317-19); and Rakesh Vinayek, M.D. (EPSTEIN 000320-22) for the purported medical conditions that were addressed by each independent medical review consultant that allegedly prevented plaintiff from performing the material and substantial duties of his occupation.

__Interrogatory No. 15__

If any of the examinations, reviews and/or studies conducted by the third-party professionals listed in response to Interrogatory 13 was arranged by some entity other than Hartford, please state: (a) the name, address, telephone number and chief executive officer of such entity(s); (b) the criteria used for selecting such entity to arrange the examination, review and/or study of plaintiff on behalf of Hartford; (c) the number of times that such entity arranged examinations, reviews and/or studies on behalf of Hartford in each of 2004 through 2008; and (d) the total amount that Hartford paid to such entity in each of 2004 through 2008.

__Response To Interrogatory No. 15__

Hartford objects to this Interrogatory on the grounds that it requests information that is outside the scope of Local Rule 33.3(a). Hartford also objects to this Interrogatory on the grounds that it is ambiguous and seeks irrelevant information. Hartford additionally objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Hartford additionally objects to this Interrogatory to the extent it seeks information not relevant nor likely to lead to the discovery of admissible evidence concerning the issue of whether a financial conflict of interest affected its decision-making or concerning the completeness of the record. Subject to and without waiving the foregoing, Hartford states that James Bress, M.D. was referred to review plaintiff's medical records by University Disability Consortium ("UDC") and Drs. Brown, Eaton and Vinayek were referred to review plaintiff's medical records by MES Solutions. Hartford further states that its records indicate that MES referred the following number of reviews to independent medical consultants and billed Hartford for the following amounts for independent medical record reviews by those medical consultants:

| Year | Number of Reviews | Amount Billed |
|---|---|---|
| 2004 | 0 | $0 |
| 2005 | 0 | $0 |
| 2006 | 18 | $10,185 |
| 2007 | 673 | $518,639 |
| 2008 | 1,505 | $1,333,655 |

Hartford also states that its records indicate that UDC referred the following number of reviews to independent medical review consultants and billed Hartford the total yearly amount below for the services rendered by those medical consultants:

| Year | Number of Reviews | Amount Billed |
|---|---|---|
| 2004 | 2,138 | $2,783,328 |
| 2005 | 2,517 | $3,558,187 |
| 2006 | 1,774 | $2,515,168 |
| 2007 | 893 | $1,272,128 |
| 2008 | 847 | $1,235,995 |

**Interrogatory No. 16**

Please identify the individual(s) at Hartford who have responsibility to monitor the entities identified in response to Interrogatory 15, including without limitation, that entities' performance, utilization, quality control, profitability and/or contractual duties and obligations. With respect to each such individual state that person's: (a) full name; (b) current job title; (c) all previous job titles and the dates that person held each job title listed; (d) qualifications (which includes, but is not limited to, education and training, degrees, certifications, board certifications, diplomas, and certificates); (e) duties and functions performed (f) the name of their direct supervisor for the years 2006 through 2008; and (g) the name of their direct reports for the years 2006 through 2008. Please attach the curriculum vitae of any medical professional or occupational consultant identified.

**Response To Interrogatory No. 16**

Hartford objects to this Interrogatory on the grounds that it requests information that is outside the scope of Local Rule 33.3(a). Hartford also objects to this Interrogatory on the grounds

that it is ambiguous and seeks irrelevant information. Hartford additionally objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Hartford additionally objects to this Interrogatory to the extent it seeks information not relevant nor likely to lead to the discovery of admissible evidence concerning the issue of whether a financial conflict of interest affected its decision-making or concerning the completeness of the record. Subject to and without waiving the foregoing, Hartford states that Marsha L. Macko completed the request forms to obtain independent medical record reviews and refers plaintiff to documents Bates Stamped EPSTEIN 000320-27 and 000504-05.

**Interrogatory No. 17**

Please state: (a) the manner in which premiums were paid for plaintiffs long term disability coverage and the amount of the premium paid by the plaintiff; and (b) the amount of monthly benefits--on a month-to-month basis--to which plaintiff would be entitled if plaintiff prevails in this action.

**Response To Interrogatory No. 17**

Hartford objects to this Interrogatory on the grounds that it requests information that is outside the scope of Local Rule 33.3(a). Hartford also objects to this Interrogatory on the grounds that it is ambiguous and seeks irrelevant information. Hartford additionally objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Hartford additionally objects to this Interrogatory to the extent it seeks information not relevant nor likely to lead to the discovery of admissible evidence concerning the issue of whether a financial conflict of interest affected its decision-making or concerning the completeness of the record. Subject to and without waiving the foregoing, Hartford refers plaintiff to EPSTEIN 000034, which states that the employer pays the premium for the insurance. Hartford

also refers plaintiff to EPSTEIN 000419, which sets forth the applicable LTD benefit calculation as of May 3, 2006 and also refers plaintiff to the Policy, identifying any applicable offsets.

**Interrogatory No. 18**

Please state the amount of the reserve placed on plaintiffs claim.

**Response To Interrogatory No. 18**

Hartford objects to this Interrogatory on the grounds that it requests information that is outside the scope of Local Rule 33.3(a). Hartford additionally objects to this Interrogatory to the extent it seeks information not relevant nor likely to lead to the discovery of admissible evidence concerning the issue of whether a financial conflict of interest affected its decision-making or concerning the completeness of the record. Hartford also objects to this Interrogatory on the grounds that it seeks irrelevant information and is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 19**

Identify each and every computer database utilized by Hartford and any affiliated entity for the years during which plaintiffs claim was pending, through and including the year in which any adverse benefit determination was made on plaintiffs claim.

**Response To Interrogatory No. 19**

Hartford objects to this Interrogatory on the grounds that it requests information that is outside the scope of Local Rule 33.3(a). Hartford also objects to this Interrogatory on the grounds that it is ambiguous and seeks irrelevant information. Hartford additionally objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Hartford additionally objects to this Interrogatory to the extent it seeks information not relevant nor likely to lead to the discovery of admissible evidence concerning the issue of whether a financial conflict of interest affected its decision-making or concerning the

completeness of the record. Subject to and without waiving the foregoing, Hartford states that it records its notes on a Summary Detail Report, which is a computerized program allowing it to chronologically enter information concerning plaintiff's claim review and adjudication process.

**Interrogatory No. 20**

Describe in detail the H.I.T.S. system and which Hartford employees have access to it on the computer; include in your description what data is available, including without limitation reserves, benefits computation, and expected duration.

**Response To Interrogatory No. 20**

Hartford objects to this Interrogatory on the grounds that it requests information that is outside the scope of Local Rule 33.3(a). Hartford also objects to this Interrogatory on the grounds that it is ambiguous and seeks irrelevant information. Hartford additionally objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Hartford additionally objects to this Interrogatory to the extent it seeks information not relevant nor likely to lead to the discovery of admissible evidence concerning the issue of whether a financial conflict of interest affected its decision-making or concerning the completeness of the record. Subject to and without waiving the foregoing objections, Hartford states that the H.I.T.S. system was not referred to or utilized in the decision-making on plaintiff's claim for long-term disability benefits.

**Interrogatory No. 21**

What was recorded in the H.I.T.S. system as the Impact for Closure? What claims personnel entered any data in the H.I.T.S. system with regard to plaintiff at any time? Produce all documents including those contained in email or some other format containing the image screens for the HITS.

**Response To Interrogatory No. 21**

Hartford objects to this Interrogatory on the grounds that it requests information that is outside the scope of Local Rule 33.3(a). Hartford also objects to this Interrogatory on the grounds

that it is ambiguous and seeks irrelevant information. Hartford additionally objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Hartford further objects to this Interrogatory to the extent it calls for the production of documents. Hartford additionally objects to this Interrogatory to the extent it seeks information not relevant nor likely to lead to the discovery of admissible evidence concerning the issue of whether a financial conflict of interest affected its decision-making or concerning the completeness of the record. Subject to and without waiving the foregoing objections, Hartford states that there is no data or other information in the H.I.T.S. system pertaining to plaintiff.

**Interrogatory No. 23**[1]

Identify the name and title of the person or persons answering these interrogatories.

**Response To Interrogatory No. 23**

Hartford states that Marsha L. Macko, Appeals Specialist in the Appeals Unit at Hartford, with the assistance of counsel answered the interrogatories as set forth dated February 12, 2010, which have been supplemented with additional information pursuant to a stipulation by counsel.

Dated: New York, New York
July 6, 2010

Yours, etc.,
SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: [signature]
MICHAEL H. BERNSTEIN
JOHN T. SEYBERT
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
*Attorneys for Defendant*
*HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY*

[1] There is no interrogatory no. 22.

## CERTIFICATE OF SERVICE

I, JOHN T. SEYBERT, hereby certify and affirm that a true and correct copy of the attached **DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** was served via email and overnight mail on this 6th day of July, 2010, upon the following:

Scott M. Riemer, Esq.
Riemer & Associates
60 East 42nd Street, Suite 1750
New York, NY 10165

JOHN T. SEYBERT

Dated: New York, New York
July 6, 2010

NY/561992V123