**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| HARRIET HAMPTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | 1:22-cv-00306 |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**STIPULATED PROTECTIVE ORDER**

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, with the consent of the parties, as evidenced by the signatures of counsel appearing below, and pursuant to this Court's authority, it is hereby ORDERED:

1. "Confidential" Documents. "Confidential" documents are documents or information so designated by the producing party. A party disclosing or producing the information, documents or things, that it believes to be "Confidential" may designate the same as "Confidential" or by using some similar designation, or by designing in writing (by Correspondence or otherwise) that some or all documents produced are "Confidential." A party shall make designation of "confidential" only as to material which that party reasonably and in good faith believes is confidential and entitled to protection under the Tennessee Rules of Civil Procedure and/or Federal Rules of Civil Procedure, depending upon which body of law governs this matter. Any such designation shall be made at the time answers to interrogatories or answers to requests for production are served; or at the time that tangible things or copies of the documents are furnished to a party conducting such discovery. If upon review any party believes

that any documents, information, or tangible items designated by a designating party are not "Confidential" as defined herein above, then the party may challenge such designation under the procedures set forth in paragraph 11 below.

2. Scope of "Confidential" Designation. The special treatment accorded the documents designated "Confidential" under this Decree shall reach:

(a) All documents designated "Confidential" under the terms of this Order;

(b) All copies of such documents;

(c) Any deposition transcript of exhibit, or portion thereof, that discusses such documents; and

(d) Any portion of any discovery answer or response, affidavit, declaration, brief, or other paper filed with the Court, or as an exhibit to such paper that discusses such documents.

3. Restrictions on Disclosure of "Confidential" Documents. Except with written prior consent of all parties and except as provided elsewhere in this Decree, all documents produced in this suit that are designated "Confidential," shall be used solely for the preparation and trial of this suit (including any appeals and retrials), and shall not be used for any other purpose, including business, governmental or commercial, or in any other administrative, arbitration or judicial proceedings or actions, but may be referenced if the document's existence is denied. Documents designated "Confidential," and all information in them, may not be disclosed to any person other than:

(a) The parties to this litigation or Court personnel;

(b) Counsel for parties in this suit;

(c) Secretaries, paralegal assistants, and all other employees of such counsel who are assisting in the prosecution and/or defense of this suit;

(d) Actual or potential deposition or trial witnesses in this action, to the extent reasonably necessary to prepare the witnesses to testify concerning the suit;

(e) Outside consultants and experts retained for the purposes of assisting counsel and the parties in the prosecution and/or defense of this suit.

4. Certification of Compliance. Except for the persons identified in subparagraphs 3(a)-(c) of this Decree, no person authorized under the terms of this Decree to receive access to "Confidential" documents shall be granted access to them until such person has read this Decree and agreed in writing to be bound by it. These written agreements shall be maintained by counsel for the parties and made available upon the Order of the Court to any party.

5. Use of "Confidential" Documents at Depositions. Any "Confidential" documents marked as deposition exhibits shall be sealed separately from the remainder of the deposition transcript and exhibits. When a party uses or refers to "Confidential" documents at a deposition, at the request of the party asserting confidentiality the portion of the deposition transcript that relates to such documents or information shall be stamped "Confidential" and sealed separately from the remainder of the transcript, and shall be treated as "Confidential" under the provisions of the Decree.

6. Designating Portions of the Deposition Transcripts Confidential. Any party may within fifteen (15) days after receiving a deposition transcript, designate portions of the transcript, or exhibits to it, as being "Confidential." Confidential deposition testimony or exhibits may be designated by stamping the exhibits "Confidential," or by underlining the portions of the pages that are confidential and stamping such pages "Confidential." Until expiration of the 15-day period, the entire deposition transcript, and all exhibits to it, will be treated as confidential under the provisions of this Decree. If no party timely designates testimony or exhibits from deposition as being "Confidential," none of the deposition testimony or exhibits will be treated as Confidential. If timely "Confidential" designation is made, the

confidential portions and exhibits shall be sealed separately from the portions of this Decree subject to the right of any party to challenge such designation under paragraph 11.

7. Use of "Confidential" Documents in Papers Filed with the Court. Documents designated "Confidential," and all information in them, may be discussed or referred to in pleadings, motions, affidavits, briefs or other papers filed with the Court, or attached as exhibits to them provided that such "Confidential" documents and information, and any portion of any paper file with the Court that discusses or refers to them, are stamped "Confidential" and separately filed in accordance with paragraph 8 of this Decree.

8. Use of "Confidential" Documents in Court. Documents designated "Confidential," and all information in them or derived from them, may be used or offered into evidence at the trial of this suit, or at any court hearing in this litigation, provided that when using "Confidential" documents in Court, counsel for the party using the "Confidential" documents shall take steps to insure against inadvertent disclosure of the "Confidential" documents to persons not subject to this Order.

If any party desires that materials, which are or contain confidential information, be filed with this Court in this case, that party shall give opposing counsel ten days notice. Thereafter, any party objecting to said filing may file a motion requesting that the papers be filed under seal and shall submit these papers to the undersigned Judge in chambers. The Court will review the documents *in camera* in order to determine if they meet the criteria for ordering them sealed. In the event the Court determines that the papers may not be sealed, they will be maintained by the Clerk under seal for thirty (30) days after the final conclusion of the litigation, including all appeals, at which time they will be unsealed unless the proper party requests their return prior to

that time. In that event, the papers will be returned to that party. The provisions of this paragraph apply only to this case. Disclosure in other cases is governed by paragraph 12 only.

9. Non-Termination. The provisions of this Decree shall continue to apply to all "Confidential" documents and information after this suit has been terminated.

10. No Admissions. Nothing contained in this Decree, nor any actions taken in compliance with it, shall operate as an admission by any party that a particular document or information is, or is not, confidential; is, or is not, admissible into evidence for any purpose; and is, or is not, subject to inclusion in any "administrative records" filed in this cause.

11. Procedures for Challenging "Confidential" Designation. If upon review any party believed that any documents, information, or tangible items designated by a designating party are not "Confidential", then the party may challenge the designation by notifying the designating party within thirty (30) days of receipt of the document, information, or tangible item. The written notice must specifically identify the challenged documents, information, or tangible items by bates numbered page where available. The designating party must then seek a protective order from the Court for such documents, information, or tangible items. Failure to file a Motion for Protective Order within fourteen (14) days of receiving the notification of a party's challenge to the designation shall cause such documents, information, or tangible items to be excluded from the provisions of this Order. At all times, the designating party bears the burden of proving the documents, information or tangible item contains information appropriately subject to a Protective Order. The filing of a Motion for Protection Order by the designating party with the time limit set forth shall preserve the designation of said documents or item until a ruling by this Court on the Motion for Protective Order or the dismissal of this action.

12. Limited use by Plaintiff's counsel in other cases. Notwithstanding any other provision of this order, including paragraph 3, Plaintiff's counsel may make use of any materials produced or generated in this case designated as "Confidential", subject to the following requirements:

(a) Counsel may disclose the materials only in cases in which The Lincoln National Life Insurance Company (and/or one of its insurance subsidiaries) is a party, and in which a member of counsel's firm is counsel of record for another party to the case;

(b) "Confidential" materials from this case may be disclosed in the other cases described in paragraph (a), meaning that they may be:

(i) disclosed to counsel for The Lincoln National Life Insurance Company (or its subsidiaries) in such cases for any purpose, without preface;

(ii) disclosed to other counsel and parties in the case if disclosing counsel first obtains an agreement to be bound by this Order from such other persons;

(iii) disclosed to persons equivalent in the case to the persons described in paragraph 3 if disclosing counsel first obtains an agreement to be bound by this Order from such other persons;

(iv) disclosed to the Court for *in camera* inspection, for any purpose, so long as disclosing counsel provides the Court with a copy of this Order and makes known to the Court that the materials are deemed "confidential" in this case;

(v) filed under seal with the Court, if that Court will agree to file the materials under seal and keep them confidential as described by this Order.

(c) Neither the Court nor any party to this matter shall deem any disclosure of "confidential" documents or information pursuant to the procedures described above to be a violation of this Protective Order.

Prior to submitting to this court disputes regarding confidentiality of documents, the parties shall confer and shall report to this Court the outcome of the conference.

Entered this ____ day of __________________, 20____.

______________________________
JUDGE

**STIPULATED AND AGREED**

MCMAHAN LAW FIRM, LLC

BY: ___________________________

D. Seth Holliday (#023136)
700 South Thornton Avenue
Dalton, Georgia 30720
(706) 217-6118
(706) 217-6880 (fax)

BY: ___________________________

Defense Counsel